UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

FRANCISCO BELTRAN VALDEZ                                                                                PETITIONER

VERSUS                                                          CIVIL ACTION NO. 3:16CV239-TSL-RHW

WARDEN B. MOSELY                                                                                        RESPONDENT

**PROPOSED FINDINGS OF FACT AND RECOMMENDATION**

Before the Court is Francisco Beltran Valdez's (Petitioner) *pro se* 28 U.S.C. § 2241 petition for writ of habeas corpus. Doc. [1]. Petitioner challenges the calculation of his federal sentence. He argues that he should receive credit for time spent in state custody prior to his federal conviction. In the alternative, Petitioner asserts that the Federal Bureau of Prisons (BOP) should *nunc pro tunc* designate the state prison as the place of incarceration for calculation of his federal sentence. Respondent counters that Petitioner is not entitled to credit because his time spent in state custody was credited towards his state sentence and because he fails to meet the requirements of a *nunc pro tunc* designation. Doc. [13].

Beginning December 31, 2009, Petitioner was in state custody following his arrest for possession of a controlled substance. Doc. [12-5] at 2. Petitioner remained in continuous custody since the date of his arrest. *Id.* On March 18, 2010, a state court sentenced Petitioner to 270 days in state custody. Doc. [12-1] at 2. He completed the state sentence on May 15, 2010. Doc. [12-1] at 2; Doc. [12-2] at 3. The time he served in state custody was credited towards his state sentence. Doc. [12-5] at 3. At the conclusion of the state sentence, Petitioner was turned over to federal authorities on federal immigration charges. *Id.* at 2. Eventually, the United States District Court for Southern District of California found Petitioner guilty of illegally re-entering the United States after being previously deported. Doc. [12-3] at 2. On July 23, 2012,

the federal district court sentenced Petitioner to an 84-month prison term.  [12-2] at 2; Doc. [12-3].  Petitioner was committed to the custody of the BOP on September 12, 2012.  Doc. [12-2] at 2.  The BOP computed his sentence and granted him 799 days of prior federal custody credit beginning May 16, 2010 and ending July 22, 2012.  Doc. [12-4] at 4.

At the time he filed the instant petition, Petitioner was incarcerated at the Federal Correctional Complex in Yazoo City, Mississippi.  Doc. [1] at 1.  After exhausting administrative remedies, Petitioner filed his § 2241 petition on April 4, 2016.  Doc. [5] at 1.  The record reveals that he was scheduled to be released from federal custody on July 13, 2016.  Doc. [12-4] at 2.

## LAW AND ANALYSIS

Based on the undersigned's review of the record, Petitioner is presumably no longer in federal custody.  His projected release date was July 13, 2016, with a three-year term of supervised release to follow.  *See* Doc. [12-2] at 2; Doc. [12-4] at 2.  The Court is unable to provide him the relief he seeks, i.e. an earlier release date based on credit for time served in state custody, because he has completed his term of imprisonment and been released from federal custody.  Thus, as an initial matter, the undersigned concludes that the petition should be dismissed as moot.  *See Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (holding that "once the sentence has expired, some concrete and continuing injury *other than* the now-ended incarceration...must exist if the suit is to be maintained.") (emphasis added); *Bailey v. Southerland*, 821 F.2d 277, 278 (5th Cir. 1987); *Sinclair v. Blackburn*, 599 F.2d 673, 675 (5th Cir. 1979) (holding that unless petitioner continues to suffer "collateral consequences," the release from custody renders the petition moot).  *Compare Johnson v. Pettiford*, 442 F.3d 917, 918 (5th Cir. 2006) (holding that

possibility of reduction in term of supervised release kept petition from being moot). In the alternative, the undersigned finds that the petition fails on the merits.

## I. Credit for Time Served

Petitioner asserts that he is entitled to credit for time served because his time in state custody was not previously credited, and his time in federal custody "ran concurrent" with his state sentence. Doc. [5] at 2. The undersigned concludes, however, that Petitioner cannot receive credit towards his federal sentence because his time in state custody was already credited towards the state sentence.

The commencement date of a federal sentence is determined by operation of 18 U.S.C. § 3585(a), which provides that:

> **(a) Commencement of Sentence. --** A sentence to a term of imprisonment commences on the date the defendant is received into custody awaiting transportation to...the official detention facility at which the sentence is to be served.

Further, 18 U.S.C. § 3585(b) governs the application of prior custody credit towards a federal sentence and provides that:

> **(b) Credit for prior custody. --** A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences **--**
>
> > **(1)** as a result of the offense for which the sentence was imposed; or
> >
> > **(2)** as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against any other sentence.

The Supreme Court has held that the United States Attorney General is responsible for the computation of federal sentences. *United States v. Wilson*, 503 U.S. 329, 334-35 (1992). This authority has been delegated to the BOP. *Id*. The BOP also "...determines what credit, *if*

3

*any*, will be awarded to prisoners for time spent in custody prior to the commencement of their federal sentences." *Leal v. Tombone*, 341 F.3d 427, 428 (5th Cir. 2003) (citing *Wilson*, 503 U.S. at 331-32, 334) (emphasis added).

A defendant cannot receive "double credit" for his time in detention. *Wilson*, 503 U.S. at 337; *Rios v. Wiley*, 201 F.3d 257, 275 (3rd Cir. 2000); *Edison v. Berkebile*, 349 Fed. App'x 953, 956 (5th Cir. 2009). Credit given towards a federal sentence may only consist of time "that has not been credited against another sentence." *Leal*, 341 F.3d at 428 (citing § 3585(b)). An inmate is "clearly...not entitled to credit" for time during which the inmate was serving a state sentence for offenses unrelated to federal charges. *Willis v. United States*, 438 F.2d 923, 925 (5th Cir. 1971); *Taylor v. Holt*, 309 Fed.App'x 591, 593 (3rd Cir. 2009) (holding that the BOP is not authorized "to award credit for time spent in state custody prior to the imposition of a federal sentence.").

In the instant case, Petitioner's federal sentence commenced on July 23, 2012, at which point Petitioner already had served his state sentence in full and been released from state custody. Doc. [12-4] at 3; Doc. [12-5] at 2-3. The record demonstrates that Petitioner's time in state custody was credited towards his state sentence. Doc. [12-1] at 2; Doc. [12-5] at 2. Accordingly, the BOP was not authorized to credit Petitioner for the time he served under his state sentence. To do otherwise would result in a "double credit" prohibited by § 3585(b) as well as by Fifth Circuit and Supreme Court precedent.

## II. *Nunc Pro Tunc* Designation

In the alternative, Petitioner argues that he is entitled to a *nunc pro tunc* review because his state and federal sentences "ran concurrent with one another." Doc. [5] at 2. He further asserts that the BOP failed to grant Petitioner this review. Doc. [5] at 2. The undersigned

concludes that Petitioner is not entitled to a *nunc pro tunc* designation because his state sentence was completed prior to the imposition of his federal sentence. Moreover, the BOP fully considered and rejected Petitioner's request for credit based on time served in state custody.

The Fifth Circuit has held that "where a federal sentence was imposed before a state sentence, the BOP may indirectly award credit for time served in a state prison by designating *nunc pro tunc* the state prison as the place in which the prisoner serves a portion of his federal sentence." *Pierce v. Holder*, 614 F.3d 158, 160 (5th Cir. 2010) (citing *Barden v. Keohane*, 921 F.2d 476, 480 (3d Cir. 1990)); *Rodriguez v. Pitzer*, 76 Fed.App'x 519, 520 (5th Cir. 2003). A federal sentence commences after the declaration of the inmate's federal prison term, when he is "received at the facility designated for service of his federal sentence." *United States v. Brown*, 753 F.2d 455, 456 (5th Cir. 1985). Therefore, "a federal sentence cannot begin to run earlier than on the date on which it is imposed." *Taylor*, 309 Fed.App'x at 592-93.

To receive a *nunc pro tunc* designation, two requirements must be met: (1) the federal sentence must have been imposed *before* the state sentence, *Pierce*, 614 F.3d at 160, and (2) the federal sentencing court must have *intended* that the federal sentence be served concurrently with a state sentence. *Rodriguez*, 76 Fed.App'x at 520 (holding that the BOP is well within its discretion to deny a request for a *nunc pro tunc* designation in the absence of this intent); *see also Hunter v. Tamez*, 622 F.3d 427, 429 (5th Cir. 2010). The Fifth Circuit has explained that state and federal sentences run consecutively unless the district court specifies otherwise. *Free v. Miles*, 333 F.3d 550, 553 (5th Cir. 2003); *see Hunter*, 622 F.3d at 431. Further, the BOP has "broad discretion" in making a *nunc pro tunc* designation. *Barden*, 921 F.2d at 478; *see Abdul-Malik v. Hawk-Sawyer*, 403 F.3d 72, 76 (2d Cir. 2005) (holding that the designation of a facility

5

as the place of federal detention "is plainly and unmistakably within the BOP's discretion") (citation omitted).

In the instant case, the record demonstrates that Petitioner's state sentence began and ended before his federal sentence even existed. Thus, it would have been impossible for the federal sentencing court to intend that Petitioner's federal sentence run concurrently with his state sentence. Doc. [12-1] at 2; *see Barden*, 921 F.2d at 480. The record further demonstrates that the BOP fulfilled its obligation to give "full and fair consideration" to Petitioner's request for state custody credit. *See Stokes v. Longley*, No. 3:13-cv-824-DCB-MTP, 2015 WL 4430943, at *4 (S.D. Miss. July 17, 2015); Doc. [1] at 10-11, 13-14, 16; Doc. [12-5] at 3. Petitioner is not entitled to a *nunc pro tunc* designation because he fails to meet any of the requirements for its application.

## RECOMMENDATION

Based on the foregoing, the undersigned recommends that Francisco Beltran Valdez's 28 U.S.C. § 2241 petition be dismissed because it is moot, or in the alternative, that it be denied on the merits.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy unless the time period is modified by the District Court. A party filing objections must specifically identify those findings, conclusions, and recommendations to which objects are being made; the District Court need not consider frivolous, conclusive, or general objections. Such party shall file the objections with the Clerk of the Court and serve the objections on the District Judge and on all other parties. A party's failure to file such objections to the proposed findings, conclusions,

and recommendation contained in this report shall bar that party from a de novo determination by the District Court. Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions that have been accepted by the District Court and for which there is no written objection. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

SO ORDERED AND ADJUDGED, this the 20th day of August, 2018.

/s/ *Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE